UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

JEFFREY AVENA                                         CIVIL ACTION

v.                                                    NO. 18-9406

MASSACHUSETTS MUTUAL
LIFE INSURANCE COMPANY                                SECTION "F"

ORDER AND REASONS

Before the Court is the defendant's motion to strike the plaintiff's jury demand. For the following reasons, the motion is DENIED.

**Background**

On October 10, 2018, Jeffrey Avena filed a complaint in this Court alleging that the defendant, Massachusetts Mutual Life Insurance Company, arbitrarily and capriciously terminated his disability benefits. The plaintiff did not demand a jury. On November 9, 2018, the defendant answered the complaint and did not demand a jury. On November 28, 2018, more than 14 days after the defendant answered the complaint, the plaintiff moved for leave to file an amended complaint, which was granted. Notably, the defendants did not oppose the plaintiff's request for leave to amend his complaint. The only amendment was a jury demand. A jury trial was then set for September 23, 2019.

1

The defendant now moves to strike the plaintiff's jury demand on the ground that the jury demand in the amended complaint was untimely, and the plaintiff has waived his right to demand a jury by failing to comply with Rule 38 of the Federal Rules of Civil Procedure. The plaintiff does not dispute that his jury demand is untimely; however, he argues that this Court is vested with the discretion to grant jury trials in unique situations where the requisites of Rule 38 have not been met.

I.

Under Rule 38(b) of the Federal Rules of Civil Procedure, a party is entitled to a jury trial on any issue triable by a jury if a demand is served "not later than 14 days after the service of the last pleading directed to such issue. . ." Under Rule 38(d), a party's failure to timely request a jury trial constitutes a waiver of that party's right to a jury trial. The defendant asserts that the plaintiff made an untimely jury demand and has, therefore, waived his right. The plaintiff does not dispute the demand is untimely. Given the amended complaint's only amended allegation is a jury demand, the Court finds the demand untimely, and now turns to the issue of whether the Court should permit the untimely demand.

II.

Rule 39(b) vests the Court with "discretion to grant jury trials in unique situations which call for them where, nevertheless, the requisites of Rule 38 have not been met." Pinemont Bank v. Belk, 722 F.2d 232, 237 (5th Cir. 1984) (reversing a district court for abuse of discretion under Rule 39(b)). A motion under Rule 39 should be granted absent "strong and compelling reasons to the contrary." Swafford v. B & W, Inc., 336 F.2d 406, 409 (5th Cir. 1964) (holding that a party's untimely request for a jury trial could be construed as a motion for relief under Rule 39), cert. denied, 379 U.S. 962 (1964). The Court must "approach each application under Rule 39(b) with an open mind and an eye to the factual situation in that particular case, rather than with a fixed policy against granting the application or even a preconceived notion that applications of this kind are usually denied." Pinemont Bank, 722 F.2d at 257.

When exercising its discretion as to whether to order a jury trial under Rule 39, the Court considers the following five factors:

1. Whether the case involves issues which are best tried to a jury;

2. Whether granting the motion would result in a disruption of the Court's schedule or that of an adverse party;

3. The degree of prejudice to the adverse party;

4. The length of delay in having requested a jury trial; and

5. The reason for the movant's tardiness in requesting a jury trial.

<u>Daniel Int'l Corp v. Fishbach & Moore, Inc.</u>, 916 F.2d 1061, 1064 (5th Cir. 1990). On balance, consideration of these factors favors permitting the untimely jury demand.

First, this case is a dispute over an insurance contract involving the alleged breach of contract and bad faith handling of a disability benefits policy. The plaintiff also clearly seeks monetary damages. These sorts of issues are frequently triable to a jury. <u>See</u> <u>Richardson v. Allstate Indemnity Company</u>, No. 07-5066, 2009 WL 10680780, *9 (E.D. La. 2009) (Feldman, J.). Thus, factor one supports denying the motion to strike and granting the untimely jury demand.

Second, there would be no disruption to the Court's calendar, nor to the defendant's, because the matter is already scheduled for a jury trial. Factor two, therefore, weighs in favor of denying the motion to strike and granting the untimely jury demand.

Third, any prejudice to the defendant in trying this case to a jury is negligible as the demand for jury trial occurred more than ten months in advance of the already scheduled jury trial date. The defendants can hardly claim surprise. The matter is in

its early stages of discovery, and the defendants had notice that the plaintiff demanded a jury on November 28, 2018 and counsel participated in a scheduling conference on November 29, 2018, at which time the case was formally set for a jury trial; this happened three weeks before the defendants filed this motion to strike. Factor three weighs in favor of denying the motion and granting the untimely jury demand.

Fourth, the plaintiff's seven-day delay in filing their amended complaint, inclusive of the jury demand, is minimal, and occurred close to 10 months prior to the set jury trial date. Thus, factor four weighs in favor of denying the motion to strike and granting the untimely jury demand.

Fifth, the plaintiff's singular reason for his tardy jury demand is that the November 22, 2018 deadline was Thanksgiving Day. But, plaintiff's counsel had 14 days before this deadline to demand a jury. The tardy demand indicates a lack of professionalism and consideration owed this Court and his adversary. Factor five weighs in favor of the defendant's motion to strike.

In sum, the plaintiff's untimely jury demand is noted, but not dispositive. Construing the plaintiff's untimely jury demand in its amended complaint as a motion under Rule 39, and after applying the aforementioned factors, the Court grants the

plaintiff's motion because strong and compelling reasons to the contrary are absent.

Accordingly, IT IS ORDERED: that the defendant's motion to strike the plaintiff's jury demand is DENIED.

New Orleans, Louisiana, January 29, 2019

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE